# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN RE JOSEPH A. HURLEY,   )   C.M. No. N19M-07-067

## Corrected[1] Order of Contempt as to Joseph A. Hurley, Esquire

This 17th day of July, 2019, upon consideration of the record in this case and the applicable legal authorities, including 11 *Del. C.* § 1271 and Rule 42 of the Superior Court Rules of Criminal Procedure, it appears to the Court that:

1.     On March 15, 2018, Joseph A. Hurley ("Hurley") was not present for the 9 a.m. call of the criminal trial calendar. Hurley's office called the Prothonotary's office a minute or two before 9 a.m. to advise he would be 10 minutes late. At 9:30 a.m., he still had not appeared for the calendar. When he did appear, at approximately 9:40 a.m., Hurley offered no explanation for his tardiness except to say that he had a "personal, medical" issue.

2.     Hurley's late appearance was not his first such transgression in this Court, and he therefore was warned on the record that he would be sanctioned by the Court if he was late for the call of the calendar in the future. Hurley acknowledged on the record that he understood the Court's warning.

3.     On July 9, 2019, Hurley again did not appear by 9 a.m. for the criminal trial calendar. On that date, he had two cases on the calendar, one of

---

[1] This version of the Court's July 9, 2019 order corrects a statutory citation in Paragraph 4. The order otherwise remains unchanged.

which was likely to (and did) go to trial. At 9:20 a.m., at the conclusion of the "first call" of the calendar, Hurley still had not appeared. At the "second call," at 9:45, Hurley appeared, apologized for his tardiness, and explained that due to a three-week old issue with his phones, he was late getting on a conference call with another judge and therefore was late getting to the courthouse for the trial calendar.

4. Hurley's tardiness disrupts Court proceedings by causing unnecessary delays and attendant inconvenience and frustration for the Court and the parties. For example, in the case that went to trial on July 9, 2019, Hurley's failure to appear for the "first call" delayed the start of trial by at least an hour, affecting the trial judge, court staff, witnesses, opposing counsel, and prospective jurors. Because Hurley's tardiness is an issue entirely of his own making, and because he fails to appear on time despite repeated warnings from the Court, the Court finds Hurley in contempt under 11 *Del. C.* § 1271(1) and orders him to pay $1,000 to the Superior Court as a sanction.

Now, therefore, Joseph A. Hurley shall pay the ordered sanction within 10 business days. If the sanction remains unsatisfied after that date, an additional sanction of $10 per day shall be imposed until the entire sanction is paid. **IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

2

Original to Prothonotary
cc:    Jordan A. Braunsberg, Deputy Attorney General
       Joseph A. Hurley, Esquire